UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 09-4703**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   and

ROY NELSON PATTON, SR.; JOHN WILSON PATTON; BARBARA ANN PATTON LEONARD,

        Claimants,

   v.

GLENDA ALBRIGHT ADAMS,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Lacy H. Thornburg, District Judge. (1:08-cr-00128-LHT-1)

———————

Submitted: September 15, 2010    Decided: September 24, 2010

———————

Before WILKINSON, DUNCAN, and DAVIS, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Dennis Gibson, LAW OFFICE OF DENNIS GIBSON, Asheville, North Carolina, for Appellant. Thomas Richard Ascik, Amy Elizabeth Ray, Assistant United States Attorneys, Jill Westmoreland Rose,

OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Glenda Albright Adams appeals the ninety-seven-month sentence imposed following her guilty plea to conspiracy to possess with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2006). Adams's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether: (1) Adams conclusively showed that she received ineffective assistance; (2) the Government engaged in prosecutorial misconduct; and (3) the district court was biased in sentencing Adams. Adams filed a pro se supplemental brief also raising the issue of whether the Government and/or the district court engaged in misconduct and asserting that counsel was ineffective for failing to argue that she should have been placed in criminal history category I. Finding no reversible error, we affirm.

In the Anders brief, counsel does not point to any specific errors he may have committed in the district court, but suggests that Adams received ineffective assistance because the sentence was not what Adams expected to receive. In her pro se supplemental brief, Adams suggests that counsel was ineffective for failing to object to her criminal history category and secure a safety-valve reduction under the sentencing guidelines.

A defendant may raise a claim of ineffective assistance of counsel "on direct appeal if and only if it conclusively appears from the record that [her] counsel did not provide effective assistance." United States v. Martinez, 136 F.3d 972, 979 (4th Cir. 1998). To prove ineffective assistance in the context of a guilty plea, the defendant must satisfy two requirements: (1) "that counsel's representation fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984), and (2) "there is a reasonable probability that, but for counsel's errors, [s]he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). We conclude that the record does not conclusively demonstrate that counsel was ineffective; thus, we decline to consider Adams's ineffective assistance claims on direct appeal.

Counsel next questions whether the Government engaged in prosecutorial misconduct but points to no specific instance of misconduct. In her pro se supplemental brief, Adams claims that the Government engaged in misconduct because she was sentenced within the sentencing range established by her original offense level of twenty-nine, even though she believed the court had reduced her offense level by three. To succeed on a claim of prosecutorial misconduct, the defendant must prove that the prosecution's conduct was, in fact, improper, and that

4

she was deprived of a fair trial because of the prejudicial conduct. United States v. Allen, 491 F.3d 178, 191 (4th Cir. 2007). Upon review, we conclude that Adams has failed to demonstrate that the Government acted improperly.

Counsel next questions whether the district court was biased in imposing sentence by failing to adequately account for Adams's life experience, medical conditions, and participation in substance abuse treatment. Adams also suggests in her pro se supplemental brief that the district court engaged in misconduct by sentencing her at offense level twenty-nine. Our review of the proceedings reveals no evidence of bias against Adams. See Liteky v. United States, 510 U.S. 540, 555 (1994) (discussing standard). Therefore, this argument is meritless.

We also construe Adams's pro se argument that the district court engaged in misconduct by mistakenly sentencing her at offense level twenty-nine as a challenge to the procedural reasonableness of her sentence, specifically that the district court improperly calculated the applicable sentencing guidelines range. In reviewing a sentence, we must first ensure that the district court did not commit any "significant procedural error," such as failing to properly calculate the applicable guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, or failing to adequately explain the sentence. Gall v. United States, 552 U.S. 38, 51 (2007). Our

5

review of the record leads us to conclude that the district court did not abuse its discretion in sentencing Adams in accordance with the Government's recommendation.  Id.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment.  This court requires that counsel inform Adams, in writing, of her right to petition the Supreme Court of the United States for further review.  If Adams requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Adams.  We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED